IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES R. FANJOY, GEANIE FANJOY, BRENDAN FANJOY, KAHLA FANJOY, AND STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>CALICO BRANDS, INC., et al.,<br><br>Defendants. | **ORDER GRANTING AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND THIRD PARTY CHILD RELATED RESEARCH'S MOTION TO QUASH**<br><br>Civil No. 2:06-mc-469 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This is a dispute between a third party in this district which was served with local subpoenas and plaintiffs in the principal action pending in the Southern District of Ohio who issued the subpoenas. This order enforces the subpoenas in part and imposes a protective order.

**Background**

Plaintiffs sued Calico Brands, Inc. (Calico) alleging that a multipurpose lighter imported by Calico caused a fire. Pursuant to Fed. R. Civ. P. 45, this court issued subpoenas to Third Party Child Related Research (Child Related), the company that performed child-safety testing on the lighter. Child Related filed a Motion to Quash[1] and Plaintiffs filed a Motion to Compel.[2]

In the subpoenas, Plaintiffs demanded thirteen categories of documents, and depositions regarding the documents and testing of the Calico lighter by Child Related:

(1) Each and every document, paper, note, computer file, letter, correspondence, report, draft report, and/or e-mail of any shape, form or fashion which pertains, refers or relates to Exhibit A attached hereto [final test report].

---

[1] Docket no. 1, filed June 9, 2006.
[2] Docket no. 4, filed June 9, 2006.

(2) Exemplar lighters referred to in Exhibit A and chain of custody document relating to the exemplar or surrogate lighters referred to in Exhibit A.

(3) All photographs, videotapes, or other recordings of testing or any part thereof referred to in Exhibit A.

(4) The name, address, and telephone number of any and all persons administering or present during all or any portion of the testing referred to in Exhibit A;

(5) The personnel file of individuals referred to in Number 5 [sic] above showing only current or last known addresses, and current or last known phone numbers;

(6) All notes, drafts, and edits pertaining to the report or the testing referred to in Exhibit A;

(7) Any and all documents pertaining to any testing of a product by Calico Brands, Inc. and/or Honson Marketing Group and/or Ningbo Great Wall Electronic Corporation;

(8) Copies of all licenses to conduct any and all portions of the business conducted in Exhibit A;

(9) Copies of all invoices, bills, or drafts related to any of the activities pertaining to those activities related to Exhibit A;

(10) All documents, test data, or other informed [sic] required or set out in 16 CFR § 1212.4, attached hereto as Exhibit B;

(11) All test protocols, testing instruction, training manuals or other training or instructional information provided to or reviewed by those individuals reference[d] in Number 4 above;

(12) The contract or purchase order between Child Related Research, Inc. and any party referred to in Exhibit A; and

(13) Evidence of payment for the services and/or the report to Child Related Research, Inc from any part referred to in Exhibit A.[3]

Child Related responded to the subpoenas with a letter containing objections and proposing a solution,[4] and filed the motion to quash and objection to the subpoenas pursuant to Fed. R. Civ. P. 45(c)(2)(B).  Child Related argues that the court should quash the subpoenas because

(1) there was not reasonable time for compliance;

(2) the majority of the requested information appears not to relate to the underlying litigation;

---

[3] The subpoenas are attached as Exhibits 1 and 2 to Third Party Child Related Research's Motion to Quash and Objection, docket no. 1, filed June 9, 2006.
[4] Memorandum (5) in Support of Motion to Compel at 3.

(3) the production of the requested documents creates an undue burden, which requires Child Related to produce documents that constitute trade secrets or confidential research; and

(4) the subpoenas purport to require disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert study made not at the request of any party.[5]

Plaintiffs take a contrary position on each point, arguing that Child Related had reasonable time for compliance, that all of the requested information would aid the underlying litigation, that none of the documents constitute trade secrets and that no expert opinion is involved.[6]  Plaintiffs also argue that Child Related waived its objections.

## Discussion

The court grants in part and denies in part Child Related's Motion to Quash and Plaintiffs' Motion to Compel.  In ruling on these motions, the court will address the relevant issues in turn.

**1. Confidential Information**

Under Fed. R. Civ. P. 45(c)(3)(B)(i), a court *may* quash or modify a subpoena if it "requires disclosure of a trade secret or other confidential research, development, or commercial information."  After a party from whom information is requested shows that the information sought is a trade secret or confidential research, development or commercial information that might be harmful if disclosed, the burden shifts to the party seeking discovery to establish that disclosure is both relevant and necessary.[7]  Then the court must balance the need for confidential information against the possible injury resulting from disclosure.[8]  "The fact that discovery is

---

[5] Memorandum of Points and Authorities in Support of . . . Motion to Quash . . . (Memorandum (2) in Support of Motion to Quash ) at 3-4 docket no. 2, filed June 9, 2006.  An objection regarding the time frame of the requested information appears to have been clarified in briefing.  *See* Memorandum (2) in Support of Motion to Quash at 7 and Memorandum (5) in Support of Motion to Compel at 10.
[6] Memorandum (5) in Support of Motion to Compel at 4-11.
[7] *Centurion Indus. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).
[8] *Id.*

sought from a non-party is one factor which the Court may weigh . . . ."[9]  But "the status of a person as a non-party is a factor that weighs against disclosure."[10]

If disclosure of confidential research is absolutely necessary to the litigation, then the subpoenaed party must comply but protection may be implemented to ameliorate potentially harmful effects.  In *Centurion Industries v. Warren Steurer and Associates*, Centurion issued a subpoena to Cybernetics, a nonparty witness, that required Cybernetics to disclose computer software trade secrets.[11]  Cybernetics filed a notice of objection but the Tenth Circuit upheld the lower court's determination that disclosure of the confidential information was appropriate.  The court held that Centurion needed the information about Cybernetics' computer software so Centurion's experts could "adequately form an opinion" regarding patent infringement and "rebut any assertions of noninfringement in the action."[12]  Despite the potential harm to Cybernetic's business, the court held that the need for the information outweighed potential injury.  The information was produced subject to a protective order protecting Cybernetic's trade secrets from those outside of the litigation.[13]  In this case, there is apparently no protective order guarding Child Related's confidential information.

Child Related argues items 1, 4, 6, 7, 9, 11, and 12, are trade secrets or at least confidential research that it should not be required to produce.  These items are

(1) all documents relating to the final test report;

(4) identifying information for all persons administering or present during any of the testing;

(6) notes and drafts pertaining to the report or the testing;

---

[9] *Echostar Communications Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998).
[10] *Goodyear Tire & Rubber Co. v. Kirk's Tire and Auto Service Center of Haverstraw, Inc.*, 211 F.R.D. 658, 662-663 (D. Kansas 2003).
[11] *Centurion,* 665 F.2d. at 324.
[12] *Id.* at 326.
[13] *Id.*

(7) documents pertaining to any testing of any product by Calico Brands or the makers of the lighter in question;

(9) invoices and bills related to the testing;

(11) test protocols, instructions, and training manuals used in the testing; and

(12) agreements between Child Related Research and the testing subjects.

The court need not decide whether the information sought by Plaintiffs constitutes a trade secret; Rule 45 provides protection if the information is confidential and could harm Child Related if disclosed.

## Is The Information Confidential?

Child Related claims that by disclosing these items it will violate the confidentiality of the test participants, shrink the potential pool of testing participants, and give Child Related's competition an unfair advantage.[14] If Child Related's test protocols, testing instructions, training manuals, and invoices and bills became part of the public record, Child Related's competitive advantage could be affected. Similarly, revealing the identities of child participants would be directly contrary to Child Related's clear policies which promise not to reveal those identities and would impinge on the rights of the participants and their parents. A sentence included on Child Related's parental permission form for test participation states: "I understand that names are kept confidential and that I may change my mind about my child's participation at any time."[15] Child Related has met the burden of showing that subpoenaed information is confidential.

## Is a Substantial Need Shown?

Plaintiffs do show a substantial need for much of the confidential information, regardless of its confidential nature. Plaintiffs seek Child Related's information to form opinions regarding

---

[14] Third Party Child Related's Reply Memorandum in Support of . . . Motion to Quash (Reply Memorandum (8) in Support of Motion to Quash ) at 6, 7, 9, 10, docket no. 8, filed July 3, 2006.
[15] Exhibit 1 to Memorandum (2) in Support of Motion to Quash at 16.

whether "the product safety testing on the [multipurpose] lighter was done according to the procedures set forth in the Code of Federal Regulations."[16] While this is admittedly not the prime issue in the litigation (which seeks to establish liability based on the dangerous condition of the lighter), the information is relevant to the principal case. Additionally, just as Cybernetics was the only party that had the information regarding patent infringement that Centurion needed, Child Related is in sole possession of the thirteen categories of documents that Plaintiffs seek.

Although much of the information subpoenaed is relevant and necessary, the court will still balance the need for the confidential information against the possible injury to Child Related. Under Fed. R. Civ. P. 45(c)(3)(B), when a subpoena "requires confidential research, development or commercial information" the court may "quash or modify the subpoena or . . . if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship . . . the court may order appearance or production only upon specified conditions." Just as in *Centurion*, the court will grant access to some of the confidential information subject to a protective order but other information will not be provided at all. Each of the major categories will be examined in turn.

### A. Identities of Children, Test Administrators, and Others Present at Testing

The court finds that Plaintiffs' need for the child participants' identities and contact information does not outweigh the harm to Child Related or to the children and their parents. If Child Related disclosed the children's identities it would violate the confidentiality form that each of the child participant's parents signed. The affidavit of Michael Buie asserts that when legal issues in the past have arisen, "Child Related has lost major sources of test subjects due to

---

[16] Plaintiff's Reply Memorandum in Support of Motion to Compel (Plaintiff's Reply Memorandum (13)) at 2, docket no. 13, filed July 20, 2006. More specifically, Plaintiffs seek to know whether Child Related complied with 16 C.F.R. § 1212.

concerns of confidentiality."[17]  In addition, the court agrees that there is little need to contact, and potentially depose, the children because they were four or five years old at the time of the testing and it is highly unlikely that they remember relevant information accurately.  Because Plaintiffs need general demographic information about the children to determine compliance with the mandated testing protocols in 16 C.F.R. § 1212.4, Child Related should provide the children's ages and genders only.

Plaintiffs' need for the identities and contact information of the test administrators and others present at the testing outweighs the harm to Child Related.  Plaintiffs clarify that items 4 and 5 of the subpoena "seek only lists of the names, addresses, and phone numbers of CRR's (Child Related) employees."[18]  Child Related's employees (those present at the testing in question) are likely the only people that can certify compliance with 16 C.F.R § 1212.4.[19]  Child Related argues that the identities of the test administrators and those present at the testing are highly confidential and that Child Related has invested "considerable time and resources" to find them.[20]  In addition, Child Related argues that the subpoenaed information should not be given because it would require them to identify those who are willing to be test subjects and those already trained to perform child-proof testing, which would "seriously jeopardize Child Related's ability to continue in its line of business."[21]  If this information is protected from public distribution and if contact with the individuals identified is limited, the harms can be mitigated. The court will require Child Related to identify its employees that either administered

---

[17] Memorandum (2) in Support of Motion to Quash, Ex. A at 2.  Plaintiffs' argument that *these* children are no longer eligible for testing (Plaintiffs' Reply Memorandum (13) at 5) ignores the chilling effect disclosure would have on the market of potential future test participants.
[18] Plaintiffs' Reply Memorandum (13) at 4.  Plaintiffs' statement that this is "unequivocal" is not supported by the language of the requests.
[19] *Id.* at 3.
[20] Reply Memorandum (8) in Support of Motion to Quash at 4.
[21] *Id.*

the tests or were present during testing of the multipurpose lighters, subject to a protective order so that their identities are not disseminated beyond this litigation.

### B. Test Locations

The court finds that Child Related does not need to identify its testing locations beyond providing the same information included in its federal filings. Plaintiffs can obtain, without undue hardship, the information relevant to 16 C.F.R. § 1212.4 without knowing exactly where testing took place—e.g., Plaintiffs can depose the test administrators about the test location environment. Child Related's report filings with the Consumer Products Safety Commission did not waive confidentiality of all test locations by operation of the Freedom of Information Act because Child Related only disclosed information regarding the central test location.[22]

### C. Training and Test Material

Because testing compliance is important, Child Related must provide Plaintiffs with the test protocols, testing instruction, training manuals or other training or instructional information provided to or reviewed by Child Related's test administrators, which are relevant to 16 C.F.R. § 1212.4. This information, however, must not be used outside of this litigation and will be subject to the protective order.

### D. Other Information

Plaintiffs have not shown a significant need, considering the burden on the third party Child Related, for documents pertaining to testing of other products by Calico Brands or the makers of the lighter in question; invoices and bills related to the testing; and agreements between Child Related Research and the testing subjects. The court agrees that "the contracts between Child Related and its customers, the bills and invoices sent to Child Related's customers, and the licenses held by Child Related will do nothing to aid in the determination of

---

[22] *Id.* at 5.

whether the requirements of 16 C.F.R. § 1212.4 were met."[23]  Those requests are stricken from the subpoena.  But other documents relating to the final test report, including notes and drafts related to the test report should be provided, subject to the protective order.

### 2. Un-Retained Expert

A court may quash or modify the subpoena if a it "requires disclosure of an [un-retained] expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party . . . ."[24]  In this situation, Calico, a party, *did* request the study.  Therefore, the court finds that the un-retained expert provision of rule 45 does not apply.

### 3. Reasonable Time for Compliance

At the time this dispute arose, Child Related might have needed more time to provide all the documents that Plaintiffs requested.  But since so much time has now elapsed and the scope of the subpoena has been narrowed, there is no serious concern about time to respond.  An additional fifteen days from the date of this order is a reasonable time for Child Related to comply with the modified subpoena.

---

[23] Memorandum (2) in Support of Motion to Quash at 9.
[24] Fed. R. Civ. P. 45(c)(3)(B)(ii).

## 4. Waiver of Objections

Plaintiffs claim that Child Related's counsel waived objections to the subpoenas in a letter written the day before these motions were filed.[25] The parties have argued as to whether Fed. R. Evid. 408 prevents the court's consideration of the letter.[26] The court is not considering the letter as a position on the merits but only as an offer of an alternative resolution and will not use it as an admission.

## 5. Reasonable Designation

Child Related objected that the Notice of Deposition inadequately described the subject of the deposition. But the Notice clearly states "that the corporate representative would testify about the 'report, work and/or protocol described in Exhibit A,' or CRR's final test report on Calico's multipurpose lighters."[27]

**ORDER**

**Motion to Compel and Quash**

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel[28] and Child Related's Motion to Quash[29] are both GRANTED IN PART in that the list included in the subpoenas is amended to read:

> (1) Each and every document, paper, note, computer file, letter, correspondence, report, draft report, and/or e-mail of any shape, form or fashion which pertains, refers or relates to Exhibit A attached hereto [final test report], provided that only the age and gender of child participants shall be disclosed and information specifically excluded

---

[25] Memorandum (5) in Support of Motion to Compel at 5. A related argument is made in Memorandum (2) in Support of Motion to Quash at 8.
[26] Memorandum (8) in Support of Motion to Quash at 7. Plaintiffs' Reply Memorandum (13) at 11.
[27] Memorandum (5) in Support of Motion to Compel at 10-11.
[28] Docket no. 4.
[29] Docket no. 1.

by the court's order of August 2, 2005, from the following categories as originally drafted shall not be produced;[30]

(2) Exemplar lighters referred to in Exhibit A and chain of custody document relating to the exemplar or surrogate lighters referred to in Exhibit A;

(3) All photographs, videotapes, or other recordings of testing or any part thereof referred to in Exhibit A;

(4) The name, address, and telephone number of employees of Child Related Research administering or present during all or any portion of the testing referred to in Exhibit A;

(5) The current or last known addresses, and current or last known phone numbers of individuals referred to in Number 4 above showing only;

(6) All notes, drafts, and edits pertaining to the report or the testing referred to in Exhibit A;

(7) [stricken]

(8) Copies of all licenses to conduct any and all portions of the business conducted in Exhibit A;

(9) [stricken]

(10) All documents, test data, or other information required or set out in 16 CFR § 1212.4, attached hereto as Exhibit B;

(11) All test protocols, testing instruction, training manuals or other training or instructional information provided to or reviewed by those individuals reference[d] in Number 4 above;

(12) [stricken] and

(13) Evidence of payment to Child Related Research, Inc. for the services and/or the report, Exhibit A.

IT IS FURTHER ORDERED that the materials subject to the subpoenas should be provided to Plaintiffs within fifteen days of the date of this order. The parties shall cooperate in scheduling any depositions.

IT IS FURTHER ORDERED that information described in paragraphs (3), (4), (5), (6), (10), and (11) shall be initially treated as CONFIDENTIAL under the following protective order.

---

[30] For example, confidential testing locations shall not be disclosed and information in former categories 7, 9 and 12 shall not be produced.

- 11 -

**Protective Order**

IT IS FURTHER ORDERED that until the parties stipulate to a different form of protective order, Child Related Research, Inc. may designate as CONFIDENTIAL any material which it is required to produce which Child Related Research believes is entitled to protection under Fed. R. Civ. P. 26(c) and/or Fed. R. Civ. P. 45(c). All other parties and counsel shall not disseminate such Confidential Material (which includes material produced and information derived therefrom); shall hold such Confidential Material in confidence; shall use such Confidential Material only for purposes of this civil action and for no other action, and not for any business or other commercial purpose; and shall not disclose it to any other person not entitled to access under this Protective Order.

Nothing in this Protective Order shall prevent any attorney, expert witness or their employees from working for or representing future third party clients in future unrelated litigation as a result of being involved in this present litigation.

Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to order of the court, material given confidential treatment under this Protective Order, and any information contained in, or derived from any such material may not be disclosed other than in accordance with this Protective Order and may not be disclosed to any person other than: (a) the court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses at trial or hearing subject to a proffer to the court or a stipulation of the parties that such witnesses need to know such information; (e) testifying or consulting experts assisting counsel for any party in the preparation for and/or trial of this action, after ten days advance notice to the producing party specifying the

documents intended to be provided and including the CV of the expert; and (f) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

All persons receiving any Confidential Material produced pursuant to this Protective Order shall be advised of this order and shall sign a Disclosure Agreement in the form attached hereto before receiving such material.  All persons to whom Confidential Material disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such Confidential Material shall disseminate or disclose them to any person in violation of this order.

In the event a party receiving such Confidential Material shall dispute the designation, that party shall notify Child Related Research, and the parties shall meet and confer.  If they are unable to resolve the dispute within fifteen days of notice, the objecting party may file a motion for the court to determine whether the information is entitled to protection under Fed. R. Civ. P. 26(c) and/or Fed. R. Civ. P. 45(c).  The burden of proof shall be on Child Related Research.

In the event any party desires to use Confidential Material in court proceedings or filings, the material shall be filed under seal.  If a party filing such Confidential Material desires to contest the designation to avoid filing under seal, that party must follow the procedures of the preceding paragraph.

At the conclusion of this action, including through all appeals, any person receiving such records shall destroy or return to Child Related Research all such Confidential Material received and certify to Child Related Research such destruction or return.  Such return or destruction shall

not relieve any person from any of the continuing obligation imposed upon by this order.  If a person receiving such Confidential Material is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks material subject to this order, that party shall give prompt written notice to counsel for Child Related Research and allow counsel an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order.  No compulsory disclosure to third parties of Confidential Material subject to this order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.   The court's jurisdiction to enforce this order will continue after the termination of this action.

Dated:   August 7, 2006.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge